

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

JEMARKUS VONSHA THOMPSON,  )
                                                      )
           Petitioner,                      )
                                                      )        7:23-cv-08020-LSC
vs.                                                )        (7:19-cr-00220-LSC-SGC-3)
                                                      )
                                                      )
UNITED STATES OF AMERICA,       )
                                                      )
           Respondent.                    )

## MEMORANDUM OF OPINION

Before the Court is Jemarkus Vonsha Thompson's ("Thompson's") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) Defendant Thompson is not eligible for a sentence reduction under 28 U.S.C. § 2255 for the reason detailed below. Therefore, his motion is denied.

## I.        Background

Thompson was found guilty by jury verdict of aiding and abetting a Hobbs Act robbery (affecting interstate commerce) in violation of 18 U.S.C. § 1951(a) (Counts 1 and 3) and possession, use, brandishing, and/or discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §

924(c)(1)(A)(ii) (Counts 2 and 4). (Cr. Doc. 81.)[1] Thompson appealed to the Eleventh Circuit arguing "that the district court did not adequately explain the reasons for imposing a sentence that . . . was substantively unreasonable because it was longer than the sentences of his two codefendants." (Doc. 6 at 2.) The Eleventh Circuit affirmed the District Court and ruled that Thompson's sentence was reasonable. (Doc. 1 at 2.) Thompson petitions the Court to reduce his sentence pursuant to 28 U.S.C. § 2255 based on the Supreme Court's ruling in *U.S. v. Taylor*. (Cr. Doc. 1.)

In *Taylor*, the Supreme Court ruled that attempted Hobbs Act Robbery "does not qualify as a "crime of violence" under §924(c)(3)(A) because "no element of the offense requires proof that the defendant used, attempted to use, or threatened to use force." *United States v. Taylor*, 596 U.S. 845 (2022).

## II.    Legal Standard

### (1)    *Taylor* Framework

*U.S. v. Taylor* established a categorical approach when deciding whether a crime qualifies as a violent crime under the elements clause of 18 U.S.C. § 924(c). 596 U.S. at 846. For a felony offense to qualify as a crime of violence, a crime must have "an element [of] the use, attempted use, or threatened use of

---

[1] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, No. 7:19-cr-00220-LSC-SGC-3.

physical force against the person or property of another."[2] 18 U.S.C. §

924(c)(3)(A). The Court found it unnecessary to inquire into specific facts of a

case or how a particular defendant committed a crime. *See Taylor*, 596 U.S. at

846. Rather, the Court decided that, for a felony to be classified as violent for the

purposes of the enhancement in 18 U.S.C. § 924(c), the government must prove

the "use, attempted use, or threatened use of force" is an element of the crime.

*Id.* at 850.

### (2)   28 U.S.C. § 2255

To determine whether a sentence may be reduced under 28 U.S.C. § 2255,

a court must consider whether the "sentence imposed [was] in violation of the

Constitution or laws of the United States, or that the court was without

jurisdiction to impose such sentence, or that the sentence was in excess of the

maximum authorized by law, or is otherwise subject to collateral attack." 28

U.S.C. § 2255(a). A motion to vacate is subject to a one-year statute of

limitations, running from the latest of:

(1)    the date on which the judgment of conviction becomes final;

---

[2] This premise first stemmed from the Supreme Court decision in *United States v. Davis*, which said the "residual clause" found in § 924(c)(3)(B) was unconstitutionally vague. 139 S. Ct. 2319, 2324 (2019). Thus, post-*Davis*, a crime of violence must meet the "elements clause" found in § 924(c)(3)(A) to quality. *Id.* The *Taylor* case determined if attempted Hobbs Act robbery counted as a crime of violence under the elements clause in § 924(c)(3)(A), and found that it did not. 596 U.S. 845, 851.

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    **the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4) (emphasis added).

## III.    Timeliness

Thompson timely filed an appeal with the Eleventh Circuit and their opinion affirming the District Court was issued as mandate on November 5, 2021. (Doc 6. at 3.) Thompson's motion to vacate was filed on June 16, 2023.[3] (Doc. 1.) Thus, his motion was filed past the one-year limitation articulated in 28 U.S.C. § 2255(f)(1). However, his § 2255 motion rests on the contention that the *Taylor* decision's categorical approach deems that aiding and abetting is not a crime of violence under the elements clause. (Doc. 1 at 4.) While Thompson's finalized conviction is past the one-year statute of limitations, the Supreme

---

[3] Applying the "mailbox rule," the Eleventh Circuit deems a prisoner's § 2255 motion as filed upon the "date that he delivered it to prison authorities for mailing, presumptively, . . . the day that he signed it." Jones v. United States, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam).

Court decided *U.S. v. Taylor* on June 21, 2022. Therefore, Thompson timely filed his § 2255 motion pursuant to 28 U.S.C. § 2255(f)(3).

## IV.   Analysis

*Taylor* requires the Court to apply a categorical approach to Thompson's felony offense to decide whether aiding and abetting Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) constitutes a crime of violence under §924(c)(3)(A). *See id.* at 846. To apply this categorical approach, the Court must decide whether the government had to prove the "use, attempted or threatened use of force" to establish Thompson's offense of aiding and abetting Hobbs Act Robbery. *Id.* at 851.

Aiding and abetting a given crime is not a separate and independent crime from the principal offense. *See In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016); *see also United States v. Sosa*, 777 F.3d 1279, 1292 (11th Cir. 2015). Aiding and abetting differs from attempt, as it "is not a separate federal crime, but rather an alternative charge that permits one to be found guilty as a principal." *Sosa*, 777 F.3d at 1292 (internal quotation marks omitted). Furthermore, to "obtain a conviction for aiding and abetting, the government must prove, among other things, that someone committed the substantive offense." *United States v. Wiley*, 78 F.4th 1355, 1364 (11th Cir. 2023) (citing *Sosa,* 777 F.3d at 1292 (11th Cir. 2015)). The government had to prove the principal completed "all [of] the

elements of a principal Hobbs Act Robbery." *See In re Colon,* 826 F.3d at 1305. Therefore, by the government proving the principal committed the "substantive offense" of Hobbs Act Robbery, Thompson is responsible for the acts of the principal as an aider and abettor since it is not a "separate and independent crime." *In re Colon*, 826 F.3d at 1305.

This Circuit, when applying *Taylor's* categorical approach, held that aiding and abetting Hobbs Act Robbery is a crime of violence as Hobbs Act Robbery itself is classified as a crime of violence under §924(c)(3)(A). *United States v. Wiley*, 78 F.4th 1355, 1365 (11th Cir. 2023)[4]; *see also In re Colon,* 826 F.3d at 1305. Hobbs Act Robbery is defined as:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose . . .

18 U.S.C. § 1951(a).

Robbery is the "unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or

---

[4] *Wiley* recognized the *Taylor* case but stated "[t]o disturb our existing precedent, a 'Supreme Court decision must be clearly on point' and 'actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel' . . . [b]ecause the Supreme Court's analysis in *Taylor* was limited to attempted Hobbs Act robbery, [the petitioner] cannot overcome established precedent holding that aiding and abetting completed Hobbs Act robbery is a crime of violence . . ."

threatened force, or violence, or fear of injury." Title 18 U.S.C. § 1951(b). As "robbery" contains elements of violence described by §924(c)(3)(A), such as "use, attempted use, or threatened use of physical force," within the confines of Hobbs Act Robbery, the acts of the principal in Thompson's case classify as a crime of violence pursuant to §924(c)(3)(A). As previously established, aiding and abetting Hobbs Act Robbery is not a separate federal crime from Hobbs Act Robbery, and thus Thompson's crime is treated the same as the acts of the principal. Therefore, because the Court has applied the categorical approach supplied by *Taylor*, finding aiding and abetting Hobbs Act Robbery a violent crime as described by § 924(c)(3)(A), Thompson's § 2255 is meritless.

## V.    Conclusion

For the foregoing reasons, Thompson's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional

claims debatable and wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or

that "the issues presented were adequate to deserve to proceed further." *Miller-*

*EL v. Cockrell,* 537 U.S. 322, 336 (2003) (internal quotations omitted). This

Court finds that Thompson's claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on July 30, 2024.

_____
L. Scott Coogler
United States District Judge

215708